UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
James Stumbrice, and all others similarly situated;

                         Plaintiff,              **COMPLAINT**

        -against-

                                            **JURY TRIAL DEMANDED**
Home Depot U.S.A., Inc.



                     Defendant.
------------------------------------------------------------------X

## JURISDICTION AND VENUE

1.  This action arises under 15 U.S.C. § 1681 et. seq., (the "Fair Credit Reporting Act" or "FCRA").

2.  This Court has jurisdiction under 28 U.S.C. §1331 in that claims brought herein arise under the FCRA.

3.  Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendant conducts business there and the cause of action arose in the jurisdiction.

## THE PARTIES

5.  Plaintiff JAMES STUMBRICE ("Plaintiff" or "James") resides in Peekskill, N.Y.

6.  Plaintiff brings the First Cause of Action in this lawsuit as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

    **All employees or applicants for employment of Corporate Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a background report upon which Corporate Defendant deemed the person in-eligible for hire beginning two years prior to the filing of this action and continuing to the resolution of this action, and for whom Corporate Defendant failed to provide the employee or applicant a copy of their consumer report or a copy of the FCRA summary of rights at least five business days before that determination (the "Federal Class").**

    Plaintiff reserves the right to redefine the Federal Class prior to class certification and thereafter, as necessary.

7.  Plaintiff brings the Second and Third Cause of Action in this lawsuit as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

    **All current and former job applicants and employees of HOME DEPOT U.S.A, LLC. ("Corporate Defendant") who have criminal conviction records and who had an adverse employment action taken against them by Corporate Defendant at any time**

**in the past three years (the "New York Class").**

Plaintiff reserves the right to redefine the New York Class prior to class certification and thereafter, as necessary.

8. Defendant Home Depot U.S.A., Inc., ("Corporate Defendant") is a Foreign Business Corporation registered to do business in the State of New York and is engaged in business at 3051 East Main Street, Mohegan Lake, N.Y 10546.

## BACKGROUND FACTS

### PLAINTIFF STUMBRICE

9. Corporate Defendant is an "employer" as defined by NY Exec. Law §292(5).

10. Plaintiff was Corporate Defendant's employee as defined by NY Exec. Law §292(4).

11. Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

12. Corporate Defendant hired Plaintiff as a sales associate on March 31, 2017.

13. Corporate Defendant assigned Plaintiff to work in the paint department in its branch located at 3051 East Main Street, Mohegan Lake, N.Y 10546.

14. Before Plaintiff began working for Corporate Defendant, Plaintiff was convicted of a felony crime (the "Criminal Conviction").

15. Plaintiff disclosed the Criminal Conviction to Corporate Defendant when he was being interviewed.

16. Plaintiff was required to submit to an employee background check that included, on information and belief, an inquiry into Plaintiff's criminal conviction history.

17. After Corporate Defendant hired Plaintiff, Plaintiff's parole office visited Plaintiff at the Branch as part of Plaintiff's parole program.

18. Corporate Defendant was aware that Plaintiff's parole officer visited the Branch and was aware that Plaintiff was on parole.

19. Plaintiff's job duties while working for Corporate Defendant required Plaintiff to assist Corporate Defendant's customers with mixing and selecting paint and stocking shelves.

20. On or around November 21, 2017, Plaintiff received a call from his manager who told Plaintiff he was being fired.

21. On November 27, 2017, Plaintiff spoke with Corporate Defendant's agent who told Plaintiff that Corporate Defendant was terminating Plaintiff's employment because he had a criminal conviction. Plaintiff was told words to the effect that Corporate Defendant has a general policy where they will not hire people with certain criminal convictions and Plaintiff fell into that category.

22. The Criminal Conviction was based on an arrest made on January 17, 2009, when

2

Plaintiff and his then girlfriend became embroiled in a domestic dispute and Plaintiff was accused of attempting to harm his girlfriend with a knife.

23. At least apparently, Plaintiff's termination is unlawful. NY Correct. Law § 752 prohibits discrimination against employees based upon prior conviction(s), absent either: a direct relationship between the conviction(s) and the employment held by the employee; or an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

24. Neither of those exceptions applies to this situation. Plaintiff pled guilty to attempted assault in the first degree on March 4, 2010. Plaintiff has no other criminal history other than a DWAI conviction from approximately March 2008.

25. Additionally, since Plaintiff's job was limited to retail sales, mixing paint and stocking shelves for Defendant, there is no relationship between the offense and the work Plaintiff performed. Also, there is no particular sensitivity associated with the performance of that work. Thus, there is no lawful basis for Plaintiff's termination.

26. Prior to firing Plaintiff for his criminal conviction record, Corporate Defendant obtain a background check on Plaintiff.

27. Before firing Plaintiff, Corporate Defendant never provided Plaintiff with a notice that they were going to fire him based on the results of the background check, did not advise him of his rights under the FRCA, and did not provide him with a copy of the background check results.

28. After firing Plaintiff, Corporate Defendant never provided Plaintiff with a post adverse action notice that complies with the FRCA nor a copy of the background check on which Corporate Defendant based their decision to terminate Plaintiff's employment.

**GENERAL BACKGROUND FACTS APPLICABLE TO PLAINTIFF AND THE FEDERAL CLASS**

29. Corporate Defendant is the world's largest home improvement retailer based on net sales. It offers its customers a wide assortment of building materials, home improvement products, lawn and garden products, and décor products and provide a number of services, including home improvement installation services and tool and equipment rental. As of the end of fiscal 2017, It had 2,284 stores located throughout the U.S., including the Commonwealth of Puerto Rico and the territories of the U.S. Virgin Islands and Guam, Canada, and Mexico. The Home Depot stores average approximately 104,000 square feet of enclosed space, with approximately 24,000 additional square feet of outside garden area. Corporate Defendant also maintains a network of distribution and fulfillment centers, as well as a number of e-commerce websites. [1]

30. Corporate Defendant employs more than 400,000 employees. [2]

---

[1] http://ir.homedepot.com/~/media/Files/H/HomeDepot-IR/2018_Proxy_Updates/HD_AR_Soft-Copy.pdf.

[2] https://corporate.homedepot.com/about.

31. Corporate Defendant has a human resource department (the "HR Department").

32. The HR Department is one of several departments involved in overseeing the creation and implementation of Corporate Defendant's policies and procedures concerning its employees.

33. Corporate Defendant follows standard operating procedures with respect to hiring, evaluating, disciplining and terminating its employees.

34. Corporate Defendant implements a standard operating procedure where it performs employee background checks as part of its employee evaluation process.

35. On information and belief, Corporate Defendant performs background checks as part of its pre-hiring employment evaluation process.

36. When Corporate Defendant hired Plaintiff, Corporate Defendant stated that it had a policy by which they regularly perform background checks on new hires.

37. On information and belief, Corporate Defendant performs background checks as part of its post-hiring employment evaluation process.

38. Eight month after Plaintiff had been employed by Corporate Defendant, Corporate Defendant, by its agents, told Plaintiff that an employee background check revealed that he had a criminal conviction.

39. These background reports are "consumer reports," within the meaning of 15 U.S.C. §1681a(d).

40. Corporate Defendant is a "person" that regularly uses background reports for employment purposes.

41. Under the FCRA, a "user" of a consumer report who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-applicant, and must include with that notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action. 15 U.S.C. § 1681b(b)(3)(A). After an adverse action occurs, the consumer employment applicant must receive a second notice, mandated by 15 U.S.C. §1681m.

42. Corporate Defendant failed to comply with the FCRA with respect to Plaintiff by failing to provide him a pre-adverse action notice, a copy of the consumer report it relied upon to fire Plaintiff, and a summary of Plaintiff's rights under the FCRA.

43. Corporate Defendant failed to comply with the FCRA with respect to Plaintiff by failing to provide him a post-adverse action notice and a copy of the consumer report it relied upon to fire Plaintiff.

44. On information and belief, Corporate Defendant has applied the same practice of failing to notify applicants and employees that it intends to take adverse employment actions based on the results of background checks and fails to provide a copy of the background check to all job applicants, and current and former employees, across the United States.

4

45. Based on the extensive number of stores and size of Corporate Defendant, the members of the Federal Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the Federal Class.

46. Plaintiff will fairly and adequately represent and protect the interests of the Federal Class because there is no conflict between the claims of Plaintiff and those of the Federal Class, and Plaintiff's claims are typical of the claims of the Federal Class.

47. There are questions of law and fact common to the proposed Federal Class, which predominate over any questions affecting only individual class members, including, without limitation: whether Corporate Defendant has violated and continues to violate the laws of FCRA through its policy or practice of taking adverse employment actions against individuals without providing them the FCRA pre-adverse action statutorily required notices.

48. Plaintiff's claims are typical of the claims of the Federal Class in the following ways, without limitation: (a) Plaintiff is a member of the Federal Class, (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Federal Class, (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Federal Class and involve similar factual circumstances, (d) there are no conflicts between the interests of Plaintiff and the Federal Class members; and (e) the injuries suffered by the Plaintiff are similar to the injuries suffered by the Federal Class members.

49. Class certification is appropriate under Fed. R. Civ. P. 23 because questions of law and fact common to the Federal Class predominate over any questions affecting only individual Federal Class Members.

50. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Federal Class is readily identifiable from Corporate Defendant's own employment records. Prosecution of separate actions by individual members of the Federal Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Corporate Defendant.

51. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Federal Class Members, while substantial, are not great enough to enable them to maintain separate suits against Corporate Defendant.  Each individual class member might not have substantial enough damages to justify private counsel bringing individual claims on behalf of the Federal Class members defined above.

52. Without a class action, Corporate Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Federal Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**GENERAL BACKGROUND FACTS APPLICABLE TO PLAINTIFF AND THE NEW YORK CLASS**

53. On information and belief, Corporate Defendant has taken adverse employment actions against numerous people with criminal conviction records in the state of New York in violation of the New York State Human Rights Law (NY Exec. Law. Art. 15) and NY Corrections Law.

54. Based on the extensive number of stores and size of Corporate Defendant, the members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

55. Plaintiff will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiff and those of the New York Class, and Plaintiff's claims are typical of the claims of the New York Class.

56. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual class members, including, without limitation: whether Corporate Defendant has violated and continues to violate the laws of New York through its policy or practice of taking adverse employment actions against individuals with criminal conviction records.

57. Plaintiff's claims are typical of the claims of the New York Class in the following ways, without limitation: (a) Plaintiff is a member of the New York Class, (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class, (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances, (d) there are no conflicts between the interests of Plaintiff and the New York Class members; and (e) the injuries suffered by the Plaintiff are similar to the injuries suffered by the New York Class members.

58. Class certification is appropriate under Fed. R. Civ. P. 23 because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

59. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class is readily identifiable from Corporate Defendant's own employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Corporate Defendant.

60. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against Corporate Defendant. Each individual class member might not have substantial enough damages to justify private counsel bringing individual claims on behalf of NY Class members defined above.

61. Without a class action, Corporate Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New York Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**FIRST**
**CAUSE OF ACTION**
**(on behalf of himself and the New York Class)**
**(Failure to Notify)**
**15 U.S.C. § 1681b(b)(3)**

62. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

63. The background checks described above, are "consumer reports," within the meaning of 15 U.S.C. § 1681a(d).

64. Corporate Defendant is a "person" that regularly uses background reports for employment purposes.

65. Under the FCRA, a "user" of a consumer report who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-applicant, and must include with that notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action. 15 U.S.C. § 1681b(b)(3)(A). After an adverse action occurs, the consumer employment applicant must receive a second notice, mandated by 15 U.S.C. §1681m.

66. On information and belief, Corporate Defendant makes adverse employment decisions and/or takes adverse employment actions against employees and prospective employees based on whole or in part on the results of employee background checks without first providing the person with a copy of the background report to verify its accuracy, notifying the person of their rights under the FRCA, and failing to notify the employee of that the Corporate Defendant intends to take adverse action against the person based on the report.

67. Corporate Defendant willfully violated section 1681b(b)(3) of the FCRA by not providing Plaintiff and the members of the Federal Class with the following items *before* it took adverse actions regarding applications for employment or taking adverse employment actions against them: (a) the required Pre-Adverse Action Notice; (b) a copy of the background report; and (c) a written description of the consumer's rights under the FCRA. As a result of this violation of the FCRA, Plaintiff and the Federal Class Members were denied the opportunity to review and dispute the report before Corporate Defendant took adverse action on their employment or promotion applications based on those reports.

**SECOND**

**CAUSE OF ACTION**
**(on behalf of himself and the New York Class)**
**(Wrongful Termination)**
**NY Corrections Law §741(2)(a)**

68. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

69. Corporate Defendant is a private employer under the NY Corrections Law.

70. Plaintiff was an individual with a criminal conviction prior to applying for work for Corporate Defendant and thereafter.

71. At all times relevant hereto, Plaintiff was protected under the provision of the NY Correction Law, and Corporate Defendant was subject to the provisions of the NY Corrections Law.

72. Corporate Defendant violated the provisions of the NY Corrections Law by infringing on Plaintiff's statutory rights by terminating his employment because he had a criminal conviction with no correlation to his job responsibilities, and while Plaintiff posed no risk to the property, persons or general public.

73. Plaintiff had a right to enjoy ongoing employment with Corporate Defendant despite his criminal conviction. But instead, Corporate Defendant terminated Plaintiff's employment.

74. Because of Corporate Defendant's action, Plaintiff and the New York Class members suffered harm.

**THIRD**
**CAUSE OF ACTION**
**(on behalf of himself and the New York Class)**
**(Criminal Conviction Discrimination)**
**NY Exec. Law §296(15)**

75. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

76. Corporate Defendant is a private employer under the NY Executive Law Art. 15.

77. Plaintiff was an individual with a criminal conviction prior to applying for work for Corporate Defendant and thereafter.

78. At all times relevant hereto, Plaintiff was protected under the provision of the NY Executive Law, and Corporate Defendant was subject to the provisions of the NY Executive Law.

79. The Defendants violated the provisions of the NY Executive Law by taking an adverse employment action against Plaintiff because he had a criminal conviction that was unrelated to the position Plaintiff held with Corporate Defendant.

80. Plaintiff had a right to enjoy ongoing employment with Corporate Defendant despite his

criminal conviction.

81. Because of Corporate Defendant's action, Plaintiff and the New York Class Members suffered harm.

## **Demand for Trial by Jury**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff, the Federal Class and New York Class seek the

following relief:

A.    An order certifying the proposed Classes under Rule 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.    An award of statutory and punitive damages for Plaintiff and the Federal Class;

C.    Reimbursement of all lost wages and benefits for Plaintiff, the Federal Class and New York Class, as applicable for any and all lost wages and employee benefits sustained as a result of any adverse employment action taken by Corporate Defendant against Plaintiff and the Federal and New York Class members;

D.    Compensatory damages in an amount to be determined at trial;

E.    Equitable relief to reinstate Plaintiff, the Federal Class members, and New York Class members, as applicable, to the position to which they would have been had the adverse employment action been taken against them;

F.    Pre-judgment interest and post judgment interest as provided by law;

G.    The reasonable cost and attorney fees incurred in this Action;

H.    Such other relief as this Court shall deem just and proper.

Dated:    White Plains, New York
         April 4, 2018

                                             EL-HAG & ASSOCIATES, P.C

                                             _____

                                             Jordan El-Hag, Esq.
                                             777 Westchester Ave, Suite 101

White Plains, N.Y, 10604
(914) 218-6190 (p)
 (914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com